IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| COURTNEY PERRY, INDIVIDUALLY § <br> AND AS NEXT FRIEND ON BEHALF § <br> OF MINORS, K. PERRY, S. PERRY, § <br> AND L. PERRY § <br> § <br>     Plaintiffs, § <br> V. § <br> § <br> LEE ROY CRABTREE, USA TRUCK, INC., § <br> INTERNATIONAL FREIGHT SERVICES, § <br> INC., AND INTERNATIONAL FREIGHT § <br> SERVICES, INC. D/B/A USA TRUCK, INC. § <br>     Defendant. § | C.A. No.: 1:18-cv-30 |

## DEFENDANTS' MOTION TO EXTEND TIME

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, Lee Roy Crabtree, USA Truck, Inc., International Freight Services, Inc., and International Freight Services, Inc. d/b/a USA Truck, Inc., and ask the Court to extend the time for Defendants to provide written expert reports, as authorized by the Federal Rule of Civil Procedure 6(b).

### A. INTRODUCTION AND BACKGROUND

1. Plaintiffs are Courtney Perry, Individually and as Next Friend on Behalf of Minors K. Perry, S. Perry and L. Perry.

2. Plaintiffs have sued Defendants for personal injuries allegedly resulting from a rear-end motor vehicle collision that occurred on November 20, 2016, in Beaumont, Texas.

3. According to this Court's Scheduling Order (Doc. 10), Defendants are to identify their expert witnesses in writing and provide expert reports by September 7, 2018. Defendants are unable to provide expert reports because Plaintiffs failed to provide expert reports, have refused

to respond to Defendants' discovery requests, and have not provided Defendants with information pertaining to their medical treatment allegedly necessitated as a result of injuries sustained in the collision at issue.

4. According to Plaintiffs' initial disclosures, each of the Plaintiffs has been treated at Diagnostic Health, Open Air MRI of Lake Charles and Beaumont MRI, Inc. However, the only records provided to date from any of these facilities are the results of Courtney Perry's cervical and lumbar MRI at Beaumont MRI. None of the information provided to date includes a diagnosis or details of any treatment received by Plaintiffs.

5. Additionally, Courtney Perry, and minors S.P. and L.P. indicate they have been treated by Michelle Swift, DDS, but the only records provided from Dr. Swift are a one-page note pertaining to each Plaintiff dated January 12, 2017. Again, information regarding firm diagnoses or treatment are missing.

6. Without any further information showing the treatment received and any diagnoses of injuries, Defendants' experts do not have a full understanding of Plaintiffs' alleged injuries, medical care and treatment. Defendants' experts do not have all required information on which to opine.

7. Defendants filed this motion to extend as soon as they became aware of the need for additional time and before the deadline.

## B. ARGUMENT

8. A court may grant a request to extend time for good cause. FED. R. CIV. P. 6(b)(1)(A); see *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir 1996).

9.     Defendants request an extension of time to serve expert reports because Plaintiffs failed to provide expert reports and have not served discovery responses to include medical records such that Defendants do not have a full picture of Plaintiffs' claims.

10.    Defendants ask to extend the deadline by 90 days so that they may obtain Plaintiffs' discovery responses, medical records and diagnostic images. After receipt, Defendants can provide the necessary information to their experts so that they may formulate their opinions and provide written reports.

11.    Defendants' request to extend time is for good cause and is not intended to delay these proceedings. FED. R. CIV. P. 6(a)(1)(A).

### C. CONCLUSION

12,    Defendants are unable to provide their experts because Plaintiffs have not provided them with information necessary to fully understand their alleged injuries, diagnoses and treatment. Defendants ask the Court to extend the time to provide expert reports for 90 days. Defendants ask for this and for any such further relief as may be necessary.

      Respectfully submitted,

      **LORANCE & THOMPSON, P.C.**

      */s/ Elizabeth L. Carey*

      _____
      Eric R. Benton
      SBN: 00797890
      Elizabeth L. Carey
      SBN: 03791800
      2900 North Loop West, Suite 500
      Houston, Texas 77092
      Telephone:  (713) 868-5560
      Facsimile:  (713) 864-4671
      E-Mail: erb@lorancethompson.com
      *Attorneys for Defendants,*
      **USA TRUCK, INC., INTERNATIONAL FREIGHT SERVICES, INC., AND INTERNATIONAL FREIGHT SERVICES, INC., D/B/A USA TRUCK, INC. AND LEE ROY CRABTREE**

## **CERTIFICATE OF CONFERENCE**

     I hereby certify that I tried to discuss this matter via telephone with opposing counsel on August 29, 2018 and September 4, 2018.  On August 29, 2018, I also sent an email detailing the issues that would be presented in this motion and asking opposing counsel to let me know if he was opposed, but no response was ever received.

                                                     */s/ Elizabeth L. Carey*
                                                _____
                                                Elizabeth L. Carey

## CERTIFICATE OF SERVICE

       I hereby certify that on this 4th day of September 2018, a true and correct copy of the foregoing instrument was served by facsimile, e-file, U.S. Mail and/or certified mail, return receipt requested, to the following counsel of record:

Jonathan Juhan
J.J. Bragg
985 I-10 N., Suite 100
Beaumont, Texas 77706
E-mail: jonathanjuhan@sbcglobal.net
E-mail: jjbragglaw@att.net

*Elizabeth L. Carey*

_____
Elizabeth L. Carey